Clayton C. Averbuck, SBN 90666
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Road, Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER B. KASDAN,<br><br>           Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES et al.<br><br>           Defendants | Case No.: CV 12-6793 GAF (JEMx)<br><br>MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:  December 3, 2012<br>TIME:   9:30am<br>DEPT.:  740<br><br>[Although plaintiff is in pro per, and a meet and confer is not required, per L.R. 7-3, there was a meet and confer via letter on October 4, 2012, and a phone call on October 8, 2012]. |

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE that on December 3, 2012, at 9:30am, or as soon thereafter as this matter may be heard in Department 740, 255 E. Temple St., Los Angeles, CA 90012, Defendant COUNTY OF LOS ANGELES, will move this Court for an Order dismissing the complaint, or alternatively, to dismiss the seven causes of action, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).  This

motion is made on the grounds that Plaintiff does not allege sufficient facts to constitute a claim.

This motion is made pursuant to <u>Federal Rule of Civil Procedure</u>, <u>Rule</u> 12(b)(6), and is based upon this notice, the attached memorandum of points and authorities, any and all pleadings and documents on file herein, and upon such further oral and/or documentary evidence as may be presented at or before the hearing on this matter.

DATED:  October 9, 2012                 MONROY, AVERBUCK & GYSLER


                                        ___/s/Jennifer E. Gysler___.
                                        CLAYTON C. AVERBUCK
                                        JENNIFER E. GYSLER
                                        Attorneys for Defendant
                                        COUNTY OF LOS ANGELES

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION                                                    6

2.    DEFENDANTS MAY MOVE TO DISMISS PLAINTIFF'S
      COMPLAINT IN THIS CASE                                          7

3.    THE CALIFORNIA GOVERNMENT TORT CLAIMS ACT
      SETS FORTH SPECIFIC REQUIREMENTS FOR
      MAINTAINING A CLAIM FOR PERSONAL INJURIES OR
      DAMAGES AGAINST PUBLIC ENTITIES AND PUBLIC
      OFFICIALS                                                       8

4.    PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO
      CONSTITUTE A CAUSE OF ACTION AGAINST THE
      COUNTY                                                         10

5.    THE COUNTY OF LOS ANGELES' EMPLOYEES ARE
      IMMUNE FROM LIABILITY                                          12

6.    PLAINTIFF FAILS TO IDENTIFY A DISABILITY                       16

7.    THERE ARE NO CHARGING ALLEGATIONS AGAINST
      THE MAJORITY OF THE INDIVIDUALLY NAMED
      DEFENDANTS                                                     17

8.    THE COURT SHOULD ABSTAIN FROM THIS MATTER
      UNTIL THE JUVENILE COURT PROCEEDING IS
      FINAL AND/OR PLAINTIFF EXHAUSTS HIS APPEALS                    18

9.    PLAINTIFF'S COMPLAINT LACKS A SHORT AND PLAIN
      STATEMENT OF HIS CLAIMS                                        19

10.   CONCLUSION                                                     20

# TABLE OF AUTHORITIES

| **Statutes** | **Page** |
|---|---|
| *FRCP 8* | 19 |
| *FRCP 12(b)(6)* | 7,8 |
| *California Government Code, Section 821.6* | 15 |
| *California Government Code, Section 945.4* | 8 |

**Decisional Authority**

| | |
|---|---|
| *Arnold v. Int'l Business Machines Corp (9th Cir. 1981) 637 F.2d 1350* | 12 |
| *Ashcroft v. Iqbal(2009) 556 U.S. 662, 129 S.Ct. 1937* | 18,19 |
| *Ashelman v. Pope (9th Cir. 1986) 793 F.2d 1072* | 16 |
| *Bell v. Atlantic Corporation v. Twombly 550 U.S. 544 (2007)* | 19 |
| *Briscoe v. LaHue (1983) 460 U.S. 325* | 14 |
| *C.A. Magistretti Co. v. Merced Irrig. Dist. (1972) 27 Cal.App.3d 270* | 9 |
| *Chase v. State (1977) 67 Cal.App.3d 808* | 10 |
| *City of Canton v. Harris (1989) 489 U.S. 378* | 11 |
| *City of San Jose v. Superior Court (1974) 12 Cal.3d 447* | 9 |
| *City of Springfield v. Kibbe (1987) 480 U.S. 257* | 12 |
| *Cooper v. Jevne (1976) 56 Cal.App.3d 860* | 8 |
| *County of Contra Costa v. State (1986) 177 Cal.App.3d 62* | 9 |
| *D.C. Court of Appeals v. Feldman (1983) 460 U.S. 462* | 18 |
| *Daniels v. Williams (1986) 474 U.S. 327* | 10 |
| *Doe & Associates Law Offices v. Napolitano (9th Cir. 2001) 252 F.3d 1026* | 19 |
| *Dujardin v. Ventura County General Hospital (1977) 69 Cal.App.3d 350* | 10 |
| *Gillette v. Delmore (9th Cir. 1992) 979 F.2d 1342* | 12 |
| *Gobel v. Maricopa County (9th Cir. 1989) 867 F.2d 1201* | 11 |
| *Harvey v. City of Holtville (1969) 271 Cal.App.2d 816* | 9 |

*Hansen v. Black (9th Cir. 1989) 885 F.2d 642*    18

*Illerbrun v. Conrad (1963) 216 Cal.App.2d 521*    8

*Imbler v. Pachtman (1976) 424 U.S. 409*    15,16

*Johnson v. Barker (9th Cir. 1986) 799 F.2d 1396*    10

*Jones v. Williams (9th Cir. 2002) 297 F.3d 930*    18

*Karim-Panahi v. Los Angeles Police Department*
     *(9th Cir. 1988) 839 F.2d 621*    10

*Lacy v. City of Monrovia (1974) 44 Cal.App.3d 152*    8

*Martinez v. County of Los Angeles (1978) 78 Cal.App.3d 242*    8

*McCarthy v. Mayo (9th Cir. 1987) 827 F.2d 1310*    16

*Meyers v. Contra Costa County Dept. of Social Svcs (9th Cir. 1987)*    13,14
     *812 F.2d 1154*

*Milstein v. Cooley (9th Cir. 2001) 257 F.3d 1004*    16

*Monell v. Dept. of Social Services (1978) 436 U.S. 658*    11,18

*Pacific Telegraph & Telephone Co. v. County of Riverside*
     *(1980) 106 Cal.App.3d 183, 165 Cal.Rptr. 29*    9

*Rooker v. Fidelity Trust co. (1923) 263 U.S. 413*    18

*San Leandro Police Officers Assoc. v. City of San Leandro*
     *(1976) 55 Cal.App.3d 353*    9

*State v. Superior Court (1978) 86 Cal.App.3d 475*    9

*Swenson v. Lincoln County School District No. 2 (Wy2003)*
     *260 F.Supp.2d 1136*    17

*Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439*    11,12

*Trevino v. Gates (9th Cir. 1996) 99 F.3d 911*    12

*Weinreich v. Los Angeles County Metropolitan Transportation*
     *Authority (9th Cir. 1997) 114 F.3d 976, cert. denied 522 U.S. 971*    17

*Whitfield v. Roth (1974) 10 Cal.3d 874*    9

**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**1.      INTRODUCTION.**

This is an action for damages filed by plaintiff in pro per, Alexander B. Kasdan, on August 7, 2012.  Mr. Kasdan names over 55 defendants in a complaint which is 51 pages in length and contains 7 causes of action.  The defendants include the County of Los Angeles, Children's Law Center of Los Angeles, and numerous public employees, including social workers and attorneys, along with several others.  This complaint arises out of an investigation of suspected child abuse and ensuing dependency court case, which is still ongoing.  Essentially, plaintiff alleges he was separated from his children when he was asked to move out of his home on January 1, 2010, allegedly without sufficient cause.  [Complaint, page 22:16-23:25].  A dependency case was initiated by the Department of Children & Family Services, and plaintiff claims through the case that he was mistreated, maligned and kept apart from his children.  Plaintiff complains that the social workers and attorneys involved in the case filed false charges against him, gave false testimony, filed false court reports and misreported the case to the Juvenile Court over a period of years, up to and including the present time. [Complaint, generally].

The causes of action contained within the Complaint are as follows:  (1) "Violation of Civil Rights (42 USC Section 1983) – Fourteenth Amendment – Familial Association and Fabrication of Evidence", (2) "Monell-Related Claims",

(3) "Intentional Infliction of Emotional Distress", (4) "Negligent Infliction of Emotional Distress", (5) "Violation of State Civil Rights", (6) "Injunctive Relief" and (7) "Violation of the American with Disabilities Act, 42 USC Section 12131, et seq.".

Plaintiff seeks general damages, special damages, compensatory damages, punitive damages, injunctive relief, unspecified statutory damages, interest, and attorney fees and costs (although plaintiff is not a licensed attorney in California, and, in any event, is representing himself).  [Complaint, pages 50-51].

In its current form, the Complaint is woefully defective.  Plaintiff failed to file a Government Tort Claim relative to his state tort causes of action, many of the named defendants are immune from suit, his complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief", as required by Federal Rule of Civil Procedure, Rule 8 and it fails to state a claim.

Defendant seeks the appropriate relief as set forth below.

## 2.   DEFENDANTS MAY MOVE TO DISMISS PLAINTIFF'S COMPLAINT IN THIS CASE.

Pursuant to Federal Rules of Civil Procedure, Rule 12(b), the defendant may and does hereby Move to Dismiss the Complaint of Plaintiff.  Said Rule provides in pertinent part:  "Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be

asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion…(6) failure to state a claim upon which relief can be granted."

Defendant moves to dismiss on this ground.

## 3.   THE CALIFORNIA GOVERNMENT TORT CLAIMS ACT SETS FORTH SPECIFIC REQUIREMENTS FOR MAINTAINING A CLAIM FOR PERSONAL INJURIES OR DAMAGES AGAINST PUBLIC ENTITIES AND PUBLIC OFFICIALS.

Government claims requirements provide that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented…until a written claim therefor has been presented to the public entity" and has been rejected in whole or in part. Government Code, Section 945.4. The phrase "money or damages" includes tort claims arising from negligence. Martinez v. County of Los Angeles (1978) 78 Cal.App.3d 242. It also includes intentional wrongs. [See Cooper v. Jevne (1976) 56 Cal.App.3d 860 (fraud), Lacy v. City of Monrovia (1974) 44 Cal.App.3d 152 (false arrest), Illerbrun v. Conrad (1963) 216 Cal.App.2d 521 (assault and battery)]. Lastly, the phrase "money or damages" has been held to apply to claims based directly on the California Constitution. City of San Jose v. Superior Court (1974) 12 Cal.3d 447, 454, County of Contra Costa v. State (1986) 177 Cal.App.3d 62, 75.

Presentation of a Claim, when required by law, is a mandatory prerequisite to maintaining a cause of action against a public entity (and/or its employees) and failure to file a Claim is fatal to the claimant's cause of action.  Pacific Telegraph & Telephone Co. v. County of Riverside (1980) 106 Cal.App.3d 183, 188, 165 Cal.Rptr. 29, 31;  San Leandro Police Officers Assoc. v. City of San Leandro (1976) 55 Cal.App.3d 553, 127 Cal.Rptr. 856.  Claimants who are minors or incompetents must comply with the claims presentation procedures, including the time limits proscribed by the statutes.  Whitfield v. Roth (1974) 10 Cal.3d 874, 112 Cal.Rptr. 540, State v. Superior Court (1978) 86 Cal.App.3d 475, 150 Cal.Rptr. 308.  Certainly, the plaintiff is required to comply.

Plaintiff does not state in his Complaint that he presented a timely Claim for the State claims alleged.  A cause of action on a Claim that is subject to the statutory procedure must affirmatively allege compliance with the presentation requirement or facts showing the applicability of a recognized exception or excuse for non compliance.  C.A. Magistretti Co. v. Merced Irrig. Dist. (1972) 27 Cal.App.3d 270, 103 Cal.Rptr. 555, Harvey v. City of Holtville (1969) 271 Cal.App.2d 816, 76 Cal.Rptr. 795.  Failure to include allegations demonstrating compliance is subject to attack by general demurrer.  Dujardin v. Ventura County General Hospital (1977) 69 Cal.App.3d 350, 138 Cal.Rptr. 20, Chase v. State (1977) 67 Cal.App.3d 808, 136 Cal. Rptr. 833.  It should be noted the County has

no record of a Tort Claim having been filed or presented by or on behalf of this plaintiff.

The third and fourth causes of action, for intentional and negligent infliction of emotional distress, must be dismissed due to plaintiff's failure to comply with the California Government Tort Claims Act.  The fact that plaintiff has filed this action in Federal Court, with a mixture of Federal and State claims, does not relieve him of this requirement.  [See <u>Karim-Panahi v. Los Angeles Police Department</u> (9th Cir. 1988) 839 F.2d 621.]

## 4. PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO CONSTITUTE A CAUSE OF ACTION AGAINST THE COUNTY.

The threshold question as to the validity of a cause of action under 42 <u>U.S.C.</u> Section 1983, is whether a cognizable interest under 1983 is identified.  While liability may be alleged for depriving claimant of rights secured by the Constitution or other federal laws, it may not be claimed for negligent breach of the duty of care arising out of tort law.   <u>Daniels v. Williams</u> (1986) 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 [prison official's negligent conduct causing unintended loss of or injury to life, liberty or property does not implicate due process clause];  <u>Johnson v. Barker</u> (9th Cir. 1986) 799 F.2d 1396 [defamation resulting in damage to plaintiff's reputation alone, allegations of malicious prosecution, and mere negligent conduct do not rise to level of constitutional tort].

Additionally, Federal case law holds that a public entity cannot be held liable for the acts of its employees under Section 1983, on a respondeat superior theory, solely because it employs a tortfeasor.  <u>Monell v. Department of Social Services</u> (1978) 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611, 636. Such a cause of action may be alleged against a municipality only when the municipality itself "causes the constitutional violation at issue."  <u>City of Canton v. Harris</u> (1989) 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412, 424. Neither negligent training of an employee nor a sound program occasionally administered negligently constitutes the "deliberate indifference" necessary.  A 1983 claimant must also establish the deficiency in a program actually caused the ultimate deprivation.  <u>Id.</u>, 489 U.S. at 391, 109 S.Ct. at 1206, 103 L.Ed2d at 428.

Further, to prove municipal liability for civil rights, "plaintiffs must establish that their injuries were inflicted pursuant to an official County policy or custom." <u>Thompson v. City of Los Angeles</u> (9th Cir. 1989) 885 F.2d 1439, 1443, citing <u>Monell v. New York City Dep't of Social Services</u> (1978) 436 U.S. 658, 690-694, 98 S.Ct. at 2035-38, <u>Gobel v. Maricopa County</u> (9th Cir. 1989) 867 F.2d 1201, 1206.  More importantly, proof of random acts or isolated events is insufficient to establish custom.  <u>Thompson v. City of Los Angeles</u> (9th Cir. 1989) 885 F.2d 1439, 1444.

To establish a prima facie case of Civil Rights Violations by the County of Los Angeles, plaintiff must establish three factors:  (1) a formal governmental policy or longstanding practice or custom which constitutes the standard operating procedure of the local government entity;  (2) that the alleged wrongdoing was the cause in fact of the constitutional deprivation, and (3) that the alleged wrongdoing was the proximate cause of the constitutional deprivation.  <u>Trevino v. Gates</u> (9th Cir. 1996) 99 F.3d 911, citing <u>Gillette v. Delmore</u> (9th Cir. 1992) 979 F.2d 1342, 1346-47, *cert. denied*, 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993), and citing <u>Arnold v. International Business Machines Corp.</u> (9th Cir. 1981) 637 F.2d 1350, 1355, <u>City of Springfield v. Kibbe</u> (1987) 480 U.S. 257, 266-268, 107 S.Ct. 1114, 1119-1220, 94 L.Ed.2d 293 "(discussing causation requirement in section 1983 municipal liability cases.)".

Plaintiff does not allege any longstanding practice or custom with regard to inappropriate actions taken by the County in this case.  Plaintiff cannot state a prima facie case under "Monell".

## 5.   THE COUNTY OF LOS ANGELES' EMPLOYEES ARE IMMUNE FROM LIABILITY.

It should further be noted that in the within action, the County of Los Angeles' employees are entitled to immunity.

**Social Workers:**

Federal law holds that the County of Los Angeles (and its' workers), are absolutely immune for the initiation and pursuit of Dependency proceedings.  This type of conduct is described in Federal case law as "prosecutorial" in nature, and is protected by absolute immunity.  There is a considerable body of appellate authority which has developed in the Ninth Circuit, pertaining to prosecutorial immunity.  At present, the cases take a "functional" approach to the application of immunity.

Federal decisional authority and State law provide that State social workers involved in the initiation and pursuit of child welfare proceedings enjoy absolute immunity for their actions in those proceedings.   Meyers v. Contra Costa County Department of Social Services 812 F.2d 1154 (9th Cir. 1987).  In Meyers, supra., a father, his children and his parents sued for civil rights violations against the father's ex-wife and various governmental defendants, claiming the defendants had conspired, under color of law and without due process, to prevent the adult plaintiffs from associating with the minor plaintiffs, in deprivation of a liberty interest.  Id., supra.  The social worker in Meyers was entitled to absolute immunity for the initiation of Dependency proceedings and testimony given in the Dependency proceedings.  The worker was given qualified immunity for actions undertaken prior to the initiation of Court proceedings pertaining to a no contact instruction to the father.  Id. at 1157.

"Although child services workers do not initiate criminal proceedings, their responsibility for bringing dependency proceedings, and their responsibility to exercise independent judgment in determining when to bring such proceedings is not very different from the responsibility of a criminal prosecutor. …The social worker's independence, like that of a prosecutor, would be compromised were the social worker constantly in fear that a mistake could result in a time-consuming and financially devastating civil suit.  We therefore hold that social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." Meyers v. Contra Costa County Department of Social Services 812 F.2d at 1157 (9th Cir. 1987).

The Court in Meyers, supra., also applied absolute immunity for the testimony given by the social worker during dependency proceedings and custody hearings.  Id., supra. at 1156, citing Briscoe v. LaHue 460 U.S. 325, 103 S.Ct., 1108, 75 L.Ed.2d 96 (1983) ("witnesses, including government witnesses, are immune from liability for their testimony").

The Court explained that "…the balance might not be struck in favor of absolute immunity were it not for the presence of safeguards built into the judicial process that tend to reduce the need for private damage actions as a means of controlling unconstitutional conduct."   Id., supra. at 1158.   Accordingly,

plaintiff's civil rights claims against the individually named social worker defendants, should be dismissed.

**County Counsel:**

Plaintiff has also named attorneys from the Office of County Counsel for the County of Los Angeles, who represented the County / Department of Children and Family Services in the dependency proceedings which are the subject of plaintiff's complaint.  These defendants include attorneys Peter Ferrera and David Saft.

Federal law provides that prosecutors are absolutely immune from personal liability for damages under 42 USC Section 1983 for torts allegedly committed in the course and scope of their official functions.  Imbler v. Pachtman (1976) 424 U.S. 409.   Similarly, California Government Code Section 821.6 provides:  "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

Further, "intent should play no role in the immunity analysis"'.  Milstein v. Cooley 257 F.3d 1004, 1008, (9th Cir. 2001), citing Ashelman v. Pope 793 F.2d 1072 (9th Cir. 1986) and McCarthy v. Mayo 827 F.2d 1310, 1315 (9th Cir. 1987), which found "The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry."

The act of prosecuting the plaintiff and filing charges in dependency court are typical functions of a prosecutor, for which the defendants are absolutely immune.  In Imbler v. Patchtman, supra. the Supreme Court states, "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom," and are nonetheless entitled to absolute immunity. *Id.*, at 431, n. 33.  The Supreme Court further stated that an "effort to control the presentation of [a] witness' testimony" was an act entitled to absolute immunity because it was "fairly within [the prosecutor's] function as an advocate." *Id.*, at 430, n. 32.  Those activities are related to a prosecutor's preparation for the initiation of a prosecution or for judicial proceedings, and are absolutely immune.  *Id.* At 430-431.

Accordingly, the attorneys who represented the County / Department of Children & Family Services in Juvenile Court, should be dismissed with prejudice.

## 6.   PLAINTIFF FAILS TO IDENTIFY A DISABILITY.

In the seventh cause of action, plaintiff alleges "Violation of the American with Disabilities Act, 42 USC Section 12131 et seq."  However, plaintiff fails to identify his disability or what services he was denied as a result of that disability. Decisional authority provides that, to state a claim for disability discrimination under Title II of the Americans with Disabilities Act or the Rehabilitation Act, the plaintiff must plead, (1) he is a qualified individual with a disability, (2) he was

excluded from the benefits or services of a public entity, and (3) such an exclusion or denial of benefits was because of the disability.  [See Weinreich v. Los Angeles County Metropolitan Transportation Authority (9th Cir. 1997) 114 F.3d 976, cert. denied, 522 U.S. 971; Swenson v. Lincoln County School District No. 2 (Wy 2003) 260 F.Supp.2d 1136.].

Plaintiff fails to state a claim in the seventh cause of action, because he fails to include these essential elements.

## 7.   THERE ARE NO CHARGING ALLEGATIONS AGAINST THE MAJORITY OF THE INDIVIDUALLY NAMED DEFENDANTS.

For most of the named defendants, with a few exceptions, the complaint is devoid of any charging allegations.

Federal decisional authority provides that "[t]o sustain a section 1983 claim for individual liability, a plaintiff must establish the 'personal involvement' of each defendant, including supervisors, in a constitutional deprivation or a 'causal connection' between each defendant's wrongful conduct and the deprivation.  See Hansen v. Black 885 F.2d 642, 646 (9th Cir. 1989); see also Ashcroft v. Iqbal (2009) 556 U.S. 662, 129 S.Ct. 1937 at 1948 (supervisory personnel not individually liable under Section 1983 on theory of respondeat superior); Jones v. Williams 297 F.3d 930, 934 (9th Cir. 2002) (must show personal participation in alleged rights deprivations; no respondeat superior liability) citing, inter alia,

Monell, supra. 436 U.S. at 690)." "[P]urpose rather than knowledge" is required to

impose liability on a supervisor for discharging responsibilities in a way that may

have resulted in constitutional deprivations."  See Iqbal, 129 S.Ct. at 1949

(rejecting claim that supervisor's mere knowledge of subordinate's discriminatory

purpose amounts to constitutional violation by supervisor).'"

As has been established, there is no vicarious liability for civil rights

violations.  Monell v. Department of Social Services (1978) 436 U.W. 658, 691, 98

S.Ct. 2018, 2036, 56 L.Ed.2d 611, 636.

Unless and until plaintiff sets forth the necessary specific allegations against

each of the defendants, he cannot pursue his Civil Rights claims, as asserted in the

first cause of action.

**8.     THE COURT SHOULD ABSTAIN FROM THIS MATTER UNTIL
        THE JUVENILE COURT PROCEEDING IS FINAL.**

Dissatisfied with the rulings in Juvenile Court, plaintiff essentially seeks

review of the Juvenile Court's findings by way of his complaint.  This is improper.

Under the *"Rooker-Feldman* doctrine," Federal Courts must generally abstain from

entertaining lawsuits that seek to review the validity or integrity of a state court

judgment.  D.C. Court of Appeals v. Feldman (1983) 460 U.S. 462, Rooker v.

Fidelity Trust Co. (1923) 263 U.S. 413.    The purpose of the doctrine is to protect

state judgments from collateral federal attack. Because district courts lack power to

hear direct appeals from state court decisions, they must decline jurisdiction whenever they are "in essence being called upon to review the state court decision." Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. 1303, Doe & Associates Law Offices v. Napolitano (9th Cir. 2001) 252 F.3d 1026, 1030.

Plaintiff  claims his civil rights were violated as a result of the rulings in Juvenile Court, which ratified the conduct of the social workers plaintiff has sued herein.  If the Federal constitutional claims presented to the District Court are "inextricably intertwined" with the state court's judgment, then the plaintiff is precluded from asking the district court to review the state court's decision, which the district court may not do. Doe & Associates Law Offices v. Napolitano (9th Cir. 2001) 252 F.3d 1026, 1029.

## 9.   PLAINTIFF'S COMPLAINT LACKS A SHORT AND PLAIN STATEMENT OF HIS CLAIMS.

Plaintiff's allegations fail the general pleading requirements of FRCP Rule 8(a).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,…a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombly 550 U.S. 544, 555 (2007).   "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

As stated herein, plaintiff fails to include the essential elements of his causes of action, does not have allegations against most of the defendants, has not filed a Government Tort Claim, and does not address the immunity afforded to social workers and attorneys for the institution of dependence proceedings.

**10. CONCLUSION.**

Based on the foregoing, defendant respectfully requests this Motion to Dismiss be granted.

DATED: October 9, 2012            MONROY, AVERBUCK & GYSLER


  /s/Jennifer E. Gysler
CLAYTON C. AVERBUCK
JENNIFER E. GYSLER
Attorneys for Defendant
COUNTY OF LOS ANGELES

**PROOF OF SERVICE**
**STATE OF CALIFORNIA – COUNTY OF LOS ANGELES**
**CCP 1013(A)**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 32123 Lindero Canyon Road, Suite 301, Westlake Village, CA 91361.

On October 9, 2012, I caused to be served the foregoing document described as

MOTION TO DISMISS COMPLAINT
on the interested parties in this action:

Alexander B. Kasdan
614 Palisades Drive
Pacific Palisades, CA 90272
Tel. (310) 770-1327
Fax (310) 496-2434

[ ] **By telecopier:**  By transmitting an accurate copy via telecopy to the person and telephone number as follows:
[X] by placing [  ] the original  [X] a true copy thereof enclosed in sealed envelopes addressed as follows:
[ ] **BY MAIL:  BY OVERNIGHT DELIVERY.**
[ ]    I deposited such envelope in the mail at Westlake Village, California.  The envelope was mailed with postage thereon fully prepaid.
[ X ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
[ ]    **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by to addressee or offices of addressee.
[ ]    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[xx]    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Executed on October 9, 2012, at Westlake Village, California.**

Jennifer Gysler                    _____.
                                              (signature)