LOCKE LORD LLP
Karen R. Palmersheim (SBN 175166)
kpalmersheim@lockelord.com
Silvia Huang (SBN 261190)
shuang@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  213-485-1500
Facsimile:    213-485-1200

Attorneys for Defendant
Lou Nieman (erroneously sued as Lou Graham)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALEXANDER B. KASDAN,<br><br>                    Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, *et al.*,<br><br>                    Defendants. | CASE NO. CV12-6793-GAF (JEMx)<br><br>Assigned to Hon. Gary A. Feess<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT BY DEFENDANT LOU NIEMAN**<br><br>DATE:        December 3, 2012<br>TIME:        9:30 A.M.<br>PLACE:      Courtroom 740 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 3, 2012 at 9:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant Lou Nieman (erroneously named as Lou Graham) will bring for hearing before the Honorable Gary A. Feess, United States District Judge, in Courtroom No. 740 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1

Temple Street, Los Angeles, California 90012-3332, a Motion to Dismiss the Original Complaint of Plaintiff Alexander B. Kasdan ("Plaintiff") pursuant to Rules 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure.

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1)  on the ground that the Court lacks subject-matter jurisdiction under the doctrines of *Burrus* abstention, *Younger* abstention, and/or *Rooker-Feldman*.

Defendant also moves to dismiss the Complaint pursuant to Rule 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief may be granted.

Defendant requests that the dismissal be made with prejudice and without leave to amend.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings, papers and records on file in this case, and such oral argument as may be presented at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 8, 2012.

Dated:  October 12, 2012

Respectfully submitted,

LOCKE LORD LLP


By:   */s/ Karen R. Palmersheim*
   Karen R. Palmersheim
   Silvia Huang
Attorney for Defendant
Lou Nieman (erroneously sued as Lou Graham)

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ................................................................................9

II.  RELEVANT ALLEGATIONS .......................................................10

III. ARGUMENT AND AUTHORITIES ............................................12

    A.   This Court Lacks Subject-Matter Jurisdiction Which Requires Dismissal of the Entire Complaint. .......................................... 12

        1.   This Court Should Abstain From This Matter Under the *Burrus* Abstention Doctrine. ............................................. 12

        2.   Either *Younger* Abstention Or *Rooker-Feldman* Applies, Which Precludes Subject Matter Jurisdiction. ............................. 14

            a.   The *Younger* Abstention Doctrine Applies If The State Case Is Ongoing. ....................................... 14

            b.   The *Rooker-Feldman* Doctrine Applies If The State Case Has Concluded. ................................... 16

    B.   Plaintiff Fails To State A Claim Against Nieman. ................................. 18

        1.   Plaintiff Fails To Allege Any Facts Relating to Nieman. ............. 18

        2.   Plaintiff Cannot Allege A § 1983 Claim Against Nieman. ........... 19

        3.   Plaintiff Fails To State An IIED or NIED Claim Against Nieman. ..................................................................... 22

            a.   Plaintiff's Third Count for Intentional Infliction of Emotional Distress and Fourth Count for Negligent

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Infliction of Emotional Distress Fail Because They Lack Facts to State a Claim. ................................. 22

b.    Plaintiff's Negligent Infliction of Emotional Distress Claim Also Fails Because Plaintiff Has Not Pled Any Breach of Duty by Nieman. ................................. 23

4.    Plaintiff's Fifth Count for Violation of Civil Rights Does Not State a Plausible Claim Against Nieman. ............................. 24

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*
  526 U.S. 40 (1999)...................................................................................19

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009).............................................................................18, 19

*Atwood v. Ft. Peck Tribal Court*
  513 F.3d 943 (9th Cir. 2008) ...............................................................13

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007).............................................................................18, 19

*Buechold v. Ortiz*
  401 F.2d 371 (9th Cir. 1968) ...............................................................12

*Burns v. County of King*
  883 F.2d 819 (9th Cir. 1989) ...............................................................21

*In re Burrus*
  136 U.S. 586 (1890)...........................................................................9, 12

*Carmona v. Carmona*
  603 F.3d 1041 (9th Cir. 2010) .............................................................16

*Danforth v. Celebrezze*
  76 Fed. Appx. 615 (6th Cir. 2002) .....................................................13

*Degrassi v. City of Glendora,*
  207 F.3d 636 (9th Cir. 2000) ...............................................................20

*Dist. of Columbia Court of Appeals v. Feldman*
  460 U.S. 462 (1983).......................................................9, 14, 16, 17

*Doe v. Mann*
  415 F.3d 1038 (9th Cir. 2005) ...........................................................6

*E.T. v. George*
  681 F.Supp.2d 1151 (E.D. Cal. 2010) .........................................15, 23

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
   544 U.S. 280 (2005)........................................................................6

*Florer v. Congregation Pidyon Shevuyim, N.A.*
   639 F.3d 916 (9th Cir. 2011) .........................................................19

*Gibson v. Berryhill*
   411 U.S. 564 (1973)......................................................................14

*Gordon v. Koppel*
   203 F.3d 610 (9th Cir. 2000) ....................................................14, 15

*Grimes v. Alameda Co. Social Servs.*
   2011 WL 4948879 (N.D. Cal. Oct. 18, 2011) ................................17

*Jacoves v. United Merch. Corp.*
   9 Cal. App. 4th 88 (1992) ..............................................................23

*Juidice v. Vail*
    430 U.S. 237 (1977)......................................................................15

*Jones v. Community Redevelopment Agency*
   733 F.2d 646 (9th Cir. 1984) .........................................................21

*Kokkonen v. Guardian Life Ins. Co.*
   511 U.S. 375 (1994)......................................................................12

*Lawson v. Mgmt. Activities*
   69 Cal.App.4th 652 (1999) ............................................................23

*Leer v. Murphy,*
   844 F.2d 628 (9th Cir. 1988) .........................................................20

*Leubner v. County of San Joaquin*
   2012 WL 2995671 (E.D. Cal. July 23, 2012)..................................17

*McGhan v. Kalkaska Co. Dept. of Human Servs.*
   2009 WL 2170151 (W.D. Mich. July 20, 2009) ..............................13

*Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*
   457 U.S. 423 (1982).................................................................14, 15

*Moore v. Sims*
   442 U.S. 415 (1979)......................................................................15

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

*Noel v. Hall*
   341 F.3d 1148 (9th Cir. 2003) ....................................................16

*Operhall v. Az. Dep't of Econ. Sec.*
   324 Fed. Appx. 617 (9th Cir. 2009) .............................................7

*Pena v. Gardner*
   976 F.2d 469 (9th Cir. 1992) ....................................................21

*Pennzoil v. Texaco*
   481 U.S. 1 (1987)..............................................................14, 15

*Potter v. Firestone Tire & Rubber Co.*
   6 Cal. 4th 965 (1993) .......................................................22, 23

*Price v. State of Hawaii*
   939 F.2d 702 (9th Cir. 1991) ...................................................21

*Reusser v. Wachovia Bank, N.A.*
   525 F.3d 855 (9th Cir. 2008) ..................................................16

*Rooker v. Fidelity Trust Co.*
   263 U.S. 413 (1923)..................................................9, 14, 16, 17

*Sample v. Monterey Co. Family & Children Servs.*
   2009 WL 2485748 (N.D. Cal. Aug. 7, 2009) ..........................17

*Sareen v. Sareen*
   356 Fed. Appx. 977 (9th Cir. 2009) .......................................17

*Saunders v. Obama*
   2012 WL 1030473 (S.D. Ohio Mar. 27, 2012) .......................13

*Schwartz v. Lassen Cnty.*
   838 F.Supp.2d 1045 (E.D. Cal. 2012) ....................................23

*Simmons v. Sacramento Cnty. Superior Court*
   318 F.3d 1156 (9th Cir. 2003) ...............................................20

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*
   49 Cal.App.4th 472 (1996) ....................................................22

*Sosna v. Iowa*
   419 U.S. 393 (1975)..............................................................15

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ...................................................................18

*Sykes v. State of Cal.*
    497 F.2d 197 (9th Cir. 1974) .....................................................................21

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) ...................................................................20

*United States v. Morros*
    268 F.3d 695 (9th Cir. 2001) .....................................................................14

*Younger v. Harris,*
    407 U.S. 37 (1971) ........................................................................9, 14, 15

STATUTES

28 U.S.C. § 1343 ............................................................................................13

28 U.S.C. § 1367 ............................................................................................13

28 U.S.C. § 1367(c) ........................................................................................13

42 U.S.C. § 1983 ..............................................11, 14, 17, 18, 19, 20, 21

California Civil Code § 43 ..............................................................................24

California Civil Code § 49 ..............................................................................24

California Civil Code § 51 ..............................................................................24

California Civil Code § 51(b) ..........................................................................24

California Civil Code § 52 ..............................................................................24

California Civil Code § 52.1 ...........................................................................24

California Government Code § 820.21 ............................................................23

California Welf. & Inst. Code § 827 ...............................................................14

Federal Rule of Civil Procedure Rule 8(a)(2) ................................................17

Federal Rule of Civil Procedure Rule 12(b)(1) ..............................................12

Federal Rule of Civil Procedure Rule 12(b)(6) ..............................................18

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

Federal Rule of Civil Procedure Rule 12(h)(3) ...................................................... 12

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

More than two years ago, Plaintiff's four minor children were removed from his custody amidst allegations of domestic violence and/or abuse.  Plaintiff's fifty-one page Complaint chronicles Plaintiff's perception of the events leading up to the children's removal and continues through the subsequent juvenile dependency proceedings that were and are apparently still being conducted in a California family courts.  To be overly concise, according to Plaintiff, there is some well-orchestrated, multi-party conspiracy to unlawfully deprive him of his children.

This Motion to Dismiss is brought by one of the fifty-six (56) named defendants: Defendant Lou Nieman (erroneously named as Lou Graham; "Nieman").  Nieman worked for Children's Bureau of Southern California ("Children's Bureau"), a nonprofit foster family agency.  Ms. Nieman was and is Children's Bureau's Director of Foster Care.  Nieman  is named only once in the allegations of the Complaint, at Paragraph 59, which merely identifies Nieman as a defendant.  Subsequently, Plaintiff occasionally uses defined and undefined terms like "Private Defendants" or "Social Services Defendants" but it is unclear which defendants fall into that group, and there is no identifiable or individual act or omission alleged as to Nieman.  What she allegedly did to get herself sued is not revealed in Plaintiff's extensive Complaint.

Nieman moves the Court dismiss the Complaint on the ground that this Court lacks subject-matter jurisdiction.  Subject matter jurisdiction is lacking under the *Burrus* abstention doctrine, which prudentially commits family law matters  to the state courts.  Similarly, depending on the status of the state court dependency proceeding, either abstention under *Younger* (if the state case is continuing which defendant is informed and believes) or application of *Rooker-Feldman* (if the state case has concluded) precludes this Court from exercising subject-matter jurisdiction.

Nieman also moves for dismissal because Plaintiff fails to state a claim against her that is plausible and upon which relief can be granted.  For the various reasons

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

explained below, Plaintiff fails to state viable constitutional and/or tort claims, especially considering Plaintiff's complete failure to attribute any particular act to Nieman.  Hence, for these reasons and those explained more fully below, Nieman's Motion to Dismiss should be granted and the claims against Nieman in Plaintiff's Original Complaint should be dismissed.

## II.     RELEVANT ALLEGATIONS[1]

Plaintiff had four minor children with his wife, Tania Kasdan ("Tania").[2] (Compl. ¶ 82.)

On December 31, 2009, Plaintiff had a domestic dispute with Tania while some or all of the children were present.  (Compl. ¶ 83.)  The police responded, Plaintiff was instructed to leave the Kasdan residence for the night, and a state social worker interviewed Tania and/or the children regarding the dispute.  (Compl. ¶¶ 83-85.)

The next day, January 1, 2010, the police and social worker returned to the Kasdan residence, served Plaintiff with restraining order to stay away from the children, and instructed Plaintiff not to come back to the residence until after a preliminary hearing in dependency court.  (Compl. ¶¶ 87-89.)  Plaintiff disputes whether this was permissible.  (*Id.*)

A juvenile dependency petition was filed against Plaintiff alleging, among other things, that Plaintiff physically abused one or more of the children and that there was a family "history of domestic violence."  (Compl. ¶ 90.)  Plaintiff appeared at a January 6, 2010 preliminary hearing on the petition, and denied the allegations.  (*Id.*)

Sometime in January 2010, between various state court hearings, the children were removed from their parents' custody, including Plaintiff's, and detained by social service officials.  (Compl. ¶ 93.)

---

[1] These allegations are derived from Plaintiff's Complaint and are accepted as true for the purposes of this motion only.  Nieman expressly reserves the right to contest Plaintiff's version of the facts should this matter proceed past the pleading stage, which it should not.

[2] The status of the Kasdans' marriage is unknown.  Tania Kasdan is also a named defendant to this lawsuit.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

The state court dependency proceeding ran its course. Throughout, Plaintiff continued to dispute the allegations made against him in various petitions, reports, and/or testimony, and alleges that those allegations were false, fabricated, and/or misleading. (Compl. ¶¶ 92-102.) But in October 2010, a trial over several days resulted in the state court sustaining findings against Plaintiff of physical and/or emotional domestic violence or abuse that presented a continuing risk to the children. (Compl. ¶ 103.) Plaintiff denies these findings and the underlying evidence presented to sustain them. (*Id.*)

From October 2010 to approximately April 2011, Plaintiff was permitted supervised visitation with the children. (Compl. ¶¶ 111-117.) But in April 2011, the state dependency court entered an emergency order ceasing Plaintiff's visitation rights allegedly on the basis that Plaintiff's visits upset the children. (Compl. ¶ 117.) Plaintiff contends that his visitation did not upset the children and that, as a result of the emergency order, he has not seen the children since April 2011. (*Id.*) Plaintiff filed the present lawsuit in this Court over a year later on August 7, 2012.

The Complaint contains no allegations directly against Nieman—other than to identify her as a party in her individual capacity as a result of her position with Children's Bureau. (Compl. ¶¶ 59.) Children's Bureau is a California non-profit foster family agency that contracts with the Los Angeles County Department of Children and Family Services for outplacement foster care. (Compl. ¶¶ 58,59.)

It is unclear what claims Plaintiff actually intends to assert against Nieman. It appears from Defendant's reading of the Complaint that the only count asserted against Nieman is the first count for violation of constitutional rights under 42 U.S.C. § 1983. Nieman does not appear to fall into the "social service defendant" category, since she was employed by a private foster family agency and was not a social worker with the Department of Children and Family Services. However, in the abundance of caution, Nieman also challenges the counts for intentional and/or negligent infliction

of emotional distress; and violations of state civil rights, in case those were intended to be asserted against Nieman.[3]

## III.    ARGUMENT AND AUTHORITIES

### A.    This Court Lacks Subject-Matter Jurisdiction Which Requires Dismissal of the Entire Complaint.

A Rule 12(b)(1) motion challenges the Court's subject-matter jurisdiction. Federal courts are of limited jurisdiction, presume a lack of jurisdiction, and place the burden to establish subject-matter jurisdiction on the invoking party. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

### 1.    This Court Should Abstain From This Matter Under the *Burrus* Abstention Doctrine.

More than a century ago, the United State Supreme Court recognized that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94, 10 S. Ct. 850, 853 (1890); *see also Buechold v. Ortiz,* 401 F.2d 371, 372 (9th Cir. 1968) ("federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife.").

Now, under what is called the *Burrus* abstention doctrine,[4] "federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

---

[3] Plaintiff's other counts for (1) *Monell*-related claims (Compl. ¶¶ 129-133); (2) injunctive relief (Compl. ¶¶ 157-162); and (3) violations of the Americans With Disabilities Act (Compl. ¶¶ 163-170) limit themselves to other defendants, namely the County of Los Angeles and/or the Los Angeles County Department of Children and Family Services.

[4] The *Burrus* abstention doctrine is also known as the domestic relations exception to federal jurisdiction.

because of the state's constitutional violations, where those assertions are 'a mere pretense and the suit is actually concerned with domestic relations issues.'" *Saunders v. Obama,* No. 1:10-CV-836, 2012 WL 1030473, at * 5 (S.D. Ohio Mar. 27, 2012) (quoting *Danforth v. Celebrezze,* 76 Fed. Appx. 615, 616 (6th Cir. 2002)); *McGhan v. Kalkaska Co. Dept. of Human Servs.,* No. 1:08-CV-1113, 2009 WL 2170151, at *9 (W.D. Mich. July 20, 2009) (applying *Burrus* abstention; "the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings.").

Here, Plaintiff's Complaint falls squarely within the *Burrus* abstention principles.  The entirety of the underlying factual matters relate to and arise out of juvenile dependency proceedings relating to the parent-child relationship between Plaintiff and his children.  Plaintiff's ultimate contention (necessary to each and every of his claims) is that the state family court got it wrong; otherwise, Plaintiff was rightfully, not wrongfully, deprived of his children.  The broad injunctive relief requested by Plaintiff effectively seeks to pit this Court against the state court on the issue of the propriety of maintaining Plaintiff's parent-child relationship—a subject that has historically been committed to the state.  The *Burrus* abstention doctrine prudently permits this Court to abstain from entering into the state court-reserved fray of child custody, child welfare, and domestic relations.  Accordingly, the Court should dismiss the case for lack of subject-matter jurisdiction on the basis of *Burrus* abstention.[5]

---

[5] In *Atwood v. Ft. Peck Tribal Court*, 513 F.3d 943 (9th Cir. 2008), the Ninth Circuit held *Burrus* abstention was inapplicable to claims relying on federal-question jurisdiction.  Plaintiff cites 28 U.S.C. § 1343 and § 1367 for his jurisdictional basis.  Defendant submits that the *Burrus* doctrine is applicable to Plaintiff's claims.  Alternatively, Defendant submits that the policy reasons for the doctrine at least justify this Court declination to exercise its supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).

14

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## 2.   Either *Younger* Abstention Or *Rooker-Feldman* Applies, Which Precludes Subject Matter Jurisdiction.

*Younger* abstention[6] and the *Rooker-Feldman* doctrine[7] are complementary jurisdictional doctrines arising out of the principles of federalism and comity between federal and state courts.  Which doctrine applies depends on the status of the state court dependency proceeding, whether it has concluded or whether it is ongoing.[8]  But regardless both doctrines would compel the same result by this Court: dismissal.

### a.   The *Younger* Abstention Doctrine Applies If The State Case Is Ongoing.

Defendant is informed and believes, from discussions with Plaintiff, that the juvenile case proceeding is still ongoing.  If the state court dependency proceeding is ongoing, *Younger* abstention is applicable.  *Pennzoil v. Texaco,* 481 U.S. 1, 10 (1987) (requiring *Younger* abstention, instead of *Rooker-Feldman*, in § 1983 challenge to ongoing state proceeding).  *Younger* abstention is proper where (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions.  *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).  The "policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments."  *United States v. Morros,* 268 F.3d 695, 707 (9th Cir. 2001).  *Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."  *Gibson v. Berryhill,* 411 U.S. 564, 577 (1973); *Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.

---

[6] *Younger v. Harris,* 407 U.S. 37 (1971).

[7] The doctrine takes its name from two complementary Supreme Court decisions: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); and *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

[8] On information and belief, Defendant believes that the state dependency proceeding is ongoing. Defendant, however, is not a participant in that proceeding, and the juvenile case file is confidential under California law.  *See* CAL. WELF. & INST. CODE § 827.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

2000) ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.").

Here, the requirements for *Younger* abstention are satisfied if the state court dependency proceeding is ongoing.  First, the dependency proceeding would obviously be an ongoing state judicial proceeding.  Second, the dependency proceeding no doubt implicates important state interests.  "Family relations are a traditional area of state concern"  *Koppel,* 203 F.3d at 613 (quoting *Moore v. Sims,* 442 U.S. 415, 435 (1979)); *Sosna v. Iowa,* 419 U.S. 393, 404 (1975) (describing "domestic relations [as] an area that has long been regarded as a virtually exclusive province of the States").  Additionally, "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'"  *Id.* (quoting in part *Juidice v. Vail,* 430 U.S. 237, 336 n.12 (1977)).

Finally, the state court forum provides Plaintiff an adequate opportunity to present his federal concerns.  "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex,* 457 U.S. at 431.  A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Penzoil Co.,* 481 U.S. at 15 (1987).  Here, Plaintiff may— and quite likely has—presented his constitutional concerns to the state dependency court, and there is no indication that going forward Plaintiff would be deprived of a meaningful opportunity to raise new or ongoing federal concerns.

Each element of *Younger* abstention is present in this case.  Indeed, in a similar parental custody dispute implicating federal constitutional concerns, the Ninth Circuit affirmed the district court's dismissal with the comment that "[t]his is precisely the type of case suited to *Younger* abstention." *Koppel,* 203 F.3d at 613; *see also E.T. v. George*, 681 F.Supp.2d 1151 (E.D. Cal. 2010) (well-reasoned, lengthy opinion dismissing putative constitutional class-action challenge to Sacramento County dependency courts on basis of *Younger* abstention doctrine).

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

**b.**  **The *Rooker-Feldman* Doctrine Applies If The State Case Has Concluded.**

If the state court dependency proceeding has concluded, the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction to hear this case.  Under *Rooker-Feldman,* a federal district court lacks jurisdiction to hear "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  The doctrine "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008).  "A suit brought in federal district court is a 'de facto appeal' forbidden by *Rooker-Feldman* when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'"  *Carmona v. Carmona,* 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003)).

Moreover, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."  *Doe v. Mann,* 415 F.3d 1038, 1043 (9th Cir. 2005); *Exxon*, 544 U.S. at 286 n.1 (stating that "a district court [cannot] entertain constitutional claims attacking a state court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court judgment").

The present dispute fits right in to the contours of the *Rooker-Feldman* doctrine. The entirety of Plaintiff's constitutional grievance is that (allegedly) time and time again the dependency court's orders were incorrect and/or corrupt, and that there was no basis to suspend his custody of the children.  But Plaintiff had his day(s) in state

court, had occasion(s) to present his complaints, and had/has available the state appellate court system to review the dependency court's rulings for error—and as last resort, Plaintiff may be able to bring his constitutional arguments to the United States Supreme Court by *writ of certiorari*.  But what is not permitted (and what *Rooker-Feldman* expressly prohibits) is Plaintiff's presentment of his grievances about the state court orders and effects to this Court as a *de facto* appeal.  Similarly, all of Plaintiff's claims are inextricable intertwined with the state court proceeding because the factual basis for the claims are the various reports, filings, and testimony made during the course of that proceeding.

Accordingly, if the dependency proceeding has concluded, this Court lacks subject-matter jurisdiction over this case under *Rooker-Feldman*.  *See, e.g., Sareen v. Sareen,* 356 Fed. Appx. 977, 978 (9th Cir. 2009) (*Rooker-Feldman* barred claims alleging constitutional violations in child custody proceedings as "forbidden de facto appeal" and claims were "inextricably intertwined" with state court's decision); *Operhall v. Az. Dep't of Econ. Sec.*, 324 Fed. Appx. 617, 618 (9th Cir. 2009) (affirming dismissal under the *Rooker–Feldman* of civil rights action seeking relief from state court decisions in juvenile dependency proceedings); *Grimes v. Alameda Co. Social Servs.*, 2011 WL 4948879, at *2 (N.D. Cal. Oct. 18, 2011) (*Rooker–Feldman* applies to challenges to parental rights and "related decisions by the state court," including decisions regarding removal of the children from the home, visitation, and reunification services); *Sample v. Monterey Co. Family & Children Servs.,* 2009 WL 2485748, at *3 (N.D. Cal. Aug. 7, 2009) (no jurisdiction under *Rooker–Feldman* doctrine because the "core" of plaintiff's claims against was her unhappiness with the state court's child-removal and custody decisions). *Leubner v. County of San Joaquin,* No. 2:08-CV-0853, 2012 WL 2995671, at *15 (E.D. Cal. July 23, 2012) (magistrate's report declining to hear parent's § 1983 constitutional claims relating to juvenile dependency court's visitation and child custody orders due to *Rooker-Feldman*).

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

### B.     Plaintiff Fails To State A Claim Against Nieman.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  To survive a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007);  *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) (stating that a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."), *cert. denied,* -- U.S. --, 132 S. Ct. 2101, 2012 WL 1468577 (Apr. 20, 2012).)

Plaintiff's Complaint appears to only bring one count against Nieman, for violation of constitutional rights under 42 U.S.C. § 1983.  However, even if Plaintiff intended to include Nieman as a defendant in the counts for intentional and/or negligent infliction of emotional distress; and violations of state civil rights, none of those claims are plausible against Nieman.  Nieman should therefore be dismissed.

### 1.     Plaintiff Fails To Allege Any Facts Relating to Nieman.

Plaintiff sued fifty-six (56) named defendants.  Despite a fifty-one (51) page Complaint, Defendant only names Nieman only once:  Paragraph 59, which merely identifies Nieman as a defendant.  In the factual allegations, no specific act or omission is attributed to Nieman.  (Compl. ¶¶ 71-121.)  Nor is Nieman attributed any specific act or omission within the claims sections of the Complaint.  (Compl. ¶¶ 122-170.)  Without any factual allegation regarding what Nieman is alleged to have done,

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Plaintiff has wholly failed to plead any plausible claim against Defendant.  Dismissal under *Iqbal* and *Twombly* is required.

Should the Court permit Plaintiff to re-plead his putative claims, the number and diversity of defendants should require Plaintiff to distinguish between each individual's or similar group's putative actions or omissions.  Defendant has sued county social workers and various county employees, various public and private attorneys, employees of private, nonprofit foster family agencies or battered women's shelters, and his spouse, Tania Kasdan.  And the relevant time period of the Complaint spans more than two years.  If Plaintiff is permitted to amend, the Court should advise and require Plaintiff to identify the individual actions of the various defendants and the specific time period of their involvement.  Doing so is essential not only to requiring Plaintiff to state a plausible claim, but also to provide the defendants with fair notice of the conduct with which they are charged.

### 2.     Plaintiff Cannot Allege A § 1983 Claim Against Nieman.

The Complaint purports to assert a § 1983 civil rights claim against all defendants, presumably including Nieman.  (Compl. at p. 36.)  As to Nieman, however, the § 1983 claim fails because she is a private actor (not a state actor) and Plaintiff alleges no facts to convert her actions into state action.

To state a §1983 claim, a plaintiff must allege facts demonstrating that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).

Section 1983 only redresses state action, not private conduct.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *Id.* (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)).  The presumption is that private conduct does not constitute state action, and the burden rests with a § 1983 claimant to demonstrate otherwise.  *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011).

Here, Plaintiff has failed to allege facts sufficient to demonstrate that Nieman's private conduct was tantamount to state action.  The only allegations regarding Nieman demonstrate that she was a private party since Plaintiff alleges she was an employee of Children's Bureau, which is a private, non-profit entity.  (Compl. ¶¶ 58, 59.)  Because Plaintiff makes no other factual allegation regarding Nieman, he fails to plausibly allege state action—a required element for his §1983 claim.

Plaintiff does, however, make two general allegations that he may attempt to rely on:  that Children's Bureau was a Los Angeles County contractor (Compl. ¶¶ 58, 59), and repeated allegations of all defendants' participation in a conspiracy (Compl. ¶¶ 67-68; *passim*).  These generalized statements are still insufficient to establish state action.

First, regardless of whether Children's Bureau generally contracts with Los Angeles County, Plaintiff makes no specific allegations regarding Nieman's individual actions.  To appropriately assert a claim against these Defendants, Plaintiff must show that *her* individual action constituted state action causing an unconstitutional deprivation of Plaintiff's rights.  *See, e.g., Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."); *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complaint.").  General factual allegations that a non-party employer sometimes contracts with a county does not suffice.

Second, while participation in a conspiracy may sometimes permit a § 1983 claim, the general and conclusory allegations of a conspiracy proffered by Plaintiff are insufficient because there are no facts alleged to support them.  (Compl. ¶¶ 67-68 (attempting to allege conspiracy)).  *See Simmons v. Sacramento Cnty. Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations of participation in

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

21

conspiracy are insufficient for a private party to be deemed a state actor); *Degrassi v. City of Glendora,* 207 F.3d 636, 647 (9th Cir. 2000) (affirming 12(b)(6) dismissal of § 1983 claim against private parties because "a bare allegation of such joint action [or conspiracy] will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [the private defendants] acted 'under color of state law or authority.'" (citing *Sykes v. State of Cal.,* 497 F.2d 197, 202 (9th Cir. 1974)); *Price v. State of Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991) (affirming 12(b)(6) dismissal of § 1983 claim against private parties because "conclusory allegations, unsupported by facts, will be rejected as insufficient to state a claim." (quoting in part *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984)).)

To appropriately state a § 1983 conspiracy claim, Plaintiff must allege *facts* permitting the inference of a plausible conspiracy.  His mere conclusions that a conspiracy existed are insufficient and warrant dismissal.  *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) ("[T]o state a claim for conspiracy to violate one's constitutional rights …, the plaintiff must state specific facts to support the existence of the claimed conspiracy."); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (claims based on vague and conclusory allegations, which fail to specify each defendant's role in the alleged conspiracy, are insufficient and subject to dismissal).

Because Plaintiff has not pled facts showing that Nieman was a state actor, and because Plaintiff has alleged no other plausible basis with which to convert private conduct into state action, Plaintiff fails to state a plausible § 1983 claim against Nieman.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

3.     **Plaintiff Fails To State An IIED or NIED Claim Against Nieman.**

     a.     **Plaintiff's Third Count for Intentional Infliction of Emotional Distress and Fourth Count for Negligent Infliction of Emotional Distress Fail Because They Lack Facts to State a Claim.**

To sufficiently support a claim of intentional infliction of emotional distress (IIED) Plaintiff' pleading must show the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1001, 25 Cal. Rptr. 2d 550, 574 (1993).  Conduct is "outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*.

First, Plaintiff fails to plead any conduct (let alone outrageous conduct) undertaken by Nieman.  (Compl. ¶¶ 134-141.)  His IIED claim therefore lacks factual plausibility.  Second, assuming the challenged conduct is the removal of the children from Plaintiff's custody and the prosecution of a dependency proceeding (which Nieman was not even involved with), as a matter of law such conduct cannot be outrageous because the protection of children amidst allegations of child abuse is a paramount public concern.  As one court has described dependency proceedings:

> Dependency proceedings are conducted to protect the
> safety and well-being of an abused or neglected child
> whose parents or guardians cannot or will not do so or
> who themselves pose a threat to the child.  They
> commence with an initial hearing, which is held to
> determine whether a child falls within one of ten

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  jurisdictional bases of the juvenile court.  Dependency

2  courts ultimately conduct an evidentiary hearing

3  regarding the proper disposition of the child.  . . .  After a

4  child is placed under court supervision, subsequent court

5  proceedings and reviews are required every six months.

6  *E.T. v. George*, 681 F. Supp. 2d 1151, 1155-56 (E.D. Cal. 2010) (internal citations

7  omitted).  As a matter of law, commencement and prosecution of a dependency

8  proceeding which are designed for the protection of children (especially amidst

9  allegations, true or not, of child abuse), cannot constitute the basis of an IIED claim

10  because the conduct can never reasonably be considered outrageous and intolerable.

11  Accordingly, Plaintiff fails to state a plausible IIED claim.

12  **b.   Plaintiff's Negligent Infliction of Emotional Distress**

13  **Claim Also Fails Because Plaintiff Has Not Pled Any**

14  **Breach of Duty by Nieman.**

15  A claim for negligent infliction of emotional distress ("NIED") "contains the

16  traditional elements of duty, breach, causation, and damages."  *Jacoves v. United*

17  *Merch. Corp.,* 9 Cal. App. 4th 88, 106 (1992).  "NIED claims are merely a species of

18  negligence, and thus, a plaintiff asserting an NIED claim must show that the defendant

19  owed the plaintiff a duty of care."  *Schwartz v. Lassen Cnty,* 838 F.Supp.2d 1045,

20  1061 (E.D. Cal. 2012) (citing *Lawson v. Mgmt. Activities,* 69 Cal.App.4th 652, 656

21  (1999)).  "That duty may be imposed by law, be assumed by the defendant, or exist by

22  virtue of a special relationship."  *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th

23  965, 985, 25 Cal. Rptr. 2d 550, 574 (1993)  "[A]bsent a duty, the defendant's care, or

24  lack of care, is irrelevant."  *Software Design & Application, Ltd. v. Hoefer & Arnett,*

25  *Inc.,* 49 Cal.App.4th 472, 481 (1996).

26  Here, Plaintiff fails to pled facts sufficient to support the necessary existence of

27  a legal duty owed to him by Nieman.  (Compl. ¶¶ 143-148.)  While Plaintiff identifies

28  various conduct (undertaken by unspecified defendants), Plaintiff does not identify a

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

legal duty imposed by law, does not plead facts showing that Defendant voluntarily assumed a legal duty toward Plaintiff, and does not plead facts showing that Defendant had a special relationship (or any relationship) to Plaintiff.  (*Id.*) Accordingly, because Plaintiff has failed to identify any legal duty owed to him by Nieman, he has failed to state a plausible claim for NIED against her.

### 4.   Plaintiff's Fifth Count for Violation of Civil Rights Does Not State a Plausible Claim Against Nieman.

Finally, Plaintiff appears to assert an omnibus claim for "violation of state civil rights."  (Compl. at p. 44.)  Within this claim, Plaintiff identifies his putative civil rights as arising from "the United States Constitution and other federal laws, the Constitution and laws of the State of California, and their rights under California Government Code Section 820.21 and California Civil Codes Sections 43, 49, 51, 52 (The Unruh Civil Rights Act) and 52.1."  (Compl. at ¶ 151.)  Plaintiff fails to state a claim here because he fails to specify the particular civil right he relies on in relation to the putative conduct he alleges violates that right.  For example, which of the numerous "other federal laws" or "laws of the State of California" did Defendant violate and how? The generality with which the complaint is pled fails to plead a concise statement demonstrating entitlement to relief.

Moreover, even the specific statutory sections identified by Plaintiff need be dismissed for failure to state a claim.  For example, Plaintiff pleads Civil Code § 51, which prohibits discrimination by "all business establishments of every kind" on the basis of "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation."  Cal. Civ. Code § 51(b).  Yet Plaintiff fails to allege any facts showing that  Nieman operated a "business establishment" as required by the act, and further fails to allege on which of the protected characteristics did Defendant allegedly discriminate against Plaintiff.

Additionally, as with all of his claims, Plaintiff fails to make any factual allegations regarding Nieman—as opposed to all 56 defendants *en masse*.  Plaintiff's

state civil rights complaint therefore lacks factual plausibility as to this Defendant, and must be dismissed.

## IV.     CONCLUSION

In light of the foregoing, Defendant Lou Nieman (erroneously sued as Lou Graham) respectfully requests that the Court grant this Motion to Dismiss (a) first on the basis of lack of subject-matter jurisdiction; and (b) second and alternatively on the basis of Plaintiff's failure to state a claim upon which relief can be granted.  Defendant requests such other and/or additional relief to which she may be justly entitled.

Dated:  October 12, 2012                          Respectfully submitted,

LOCKE LORD LLP

By:_____/s/ Karen R. Palmersheim_____
          Karen R. Palmersheim
          Silvia Huang
Attorney for Defendant
Lou Nieman (erroneously sued as Lou Graham)

NOTICE OF MOTION AND MOTION TO DISMISS ORIGINAL COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119