UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

ORDER RE: MOTION TO DISMISS

**I.
INTRODUCTION**

     This case arises out of alleged civil rights violations stemming from a California juvenile court's dependency proceedings and state court judgments limiting Plaintiff's custodial and visitation rights with his children. (Docket No. 28 [First Amended Complaint ("FAC")].) Plaintiff claims that various social workers from the Los Angeles County Department of Children and Family Services ("DCFS"), together with an attorney for the Children's Law Center of Los Angeles ("CLCLA"), Lloyd Bedell ("Bedell"), conspired to lie to the court about Plaintiff, depriving him of custody of his children, as well as any visitation rights. (Id.) Plaintiff contends that "[t]he acts and omissions of these Defendants . . . violated [his] rights to familial association and substantive due process arising under the First and Fourteenth Amendments of the United States Constitution" and therefore brings a claim under 42 U.S.C. § 1983, in addition to a number of other causes of action. (Id. ¶ 99.) Although the "Prayer" for relief at the end of Plaintiff's FAC indicates he is requesting "injunctive relief," nowhere else in the FAC does Plaintiff request or discuss injunctive relief. (Id. at 50.) In addition, the FAC is entitled "First Amended Complaint for Damages," suggesting that Plaintiff seeks only damages in this action. (FAC.)

     Before the Court now is Defendants CLCLA's and Bedell's motion to dismiss Plaintiff's FAC. (Docket No. 33 [Motion to Dismiss ("Mem.")].) Defendants offer three alternative arguments in support of dismissal: (1) the Court lacks subject matter jurisdiction over the action

LINK: 33

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

pursuant to the "domestic relations" exception; (2) the Younger abstention doctrine requires that the Court stay the case; and (3) Plaintiff has failed to adequately allege his section 1983 claim. (Id.) Because the Court concludes that it does have subject matter jurisdiction over this action, but that a stay of the case is appropriate under Younger, Defendants' motion is **GRANTED in part** and the case is **STAYED**.

## II.
## BACKGROUND

On December 31, 2009, police and a DCFS employee responded to a domestic dispute at Plaintiff's home. (FAC ¶ 50.) During the dispute, Plaintiff "brushed away" one of his children, causing the child to cry. (Id. ¶ 49.) The DCFS subsequently filed a juvenile dependency petition against Plaintiff, his wife, Tania Kasdan, and their children, alleging that Plaintiff "physically abused" one of his children and that the family had a "12 year history of domestic violence." (Id. ¶¶ 60–61.) "Following an extensive trial over the course of several days," the juvenile dependency court found that Plaintiff had physically abused one of his children, (id. ¶ 87), and in September 2012, the juvenile dependency court stopped Plaintiff's visitation with his son. (Id. ¶ 116.) Plaintiff is currently in the process of appealing two of the juvenile dependency court's determinations before the California Second District Court of Appeal. (Mem. at 9–10 (citing Alex K. v. Los Angeles Cnty. Dep't of Children and Family Servs., B245087 (Cal. Ct. App. Nov. 14, 2012); Alex K. v. Los Angeles Cnty. Dep't of Children and Family Servs., B242711 (Cal. Ct. App. June 23, 2012)).)

Despite the pending state proceedings, Plaintiff filed his initial pro se Complaint in this Court on August 7, 2012. (Docket No. 1 [Complaint ("Compl.")].) Plaintiff then retained counsel and filed the FAC on February 5, 2013. (FAC.) The FAC spans some fifty pages and contains vague allegations, the thrust of which is that the DCFS petition against him was fraudulently filed. Plaintiff alleges that the Defendants "maliciously conspired . . . to violate [his] civil rights" in violation of 42 U.S.C. § 1983 by "continuing to detain all of his children from his care, improperly coercing Tania to leave [him] thereby driving a schism in their marital relationship of 12 years," and by "presenting fabricated evidence to the court, during the pendency of the juvenile dependency proceedings on a continuous basis even now." (Id. ¶ 125.) Plaintiff also asserts a cause of action for "Monell-related claims" on the basis of these same allegations.

## III.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

**DISCUSSION**

**A. LEGAL STANDARD**

    **1. RULE 12(B)(1) DISMISSAL**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Federal courts must determine issues of subject matter jurisdiction before considering the merits of a case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coalition v. United States EPA, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). Lack of subject matter jurisdiction is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(1). See Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

    **2. YOUNGER ABSTENTION**

The Younger doctrine requires a federal court to abstain from considering a claim that would effectively enjoin pending state court proceedings. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1147 (9th Cir. 2007). Under the doctrine, a federal court generally must dismiss an action where (1) there are ongoing state . . . proceedings; (2) those proceedings "implicate important state interests"; (3) those proceedings provide the plaintiff with an "adequate opportunity to raise federal claims"; and (4) the federal court's action "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." Id. at 1149. If these conditions are met, a federal court can refuse to abstain only in "extraordinary circumstances where the danger of irreparable loss is both great and immediate." World Famous Drinking Emporium, Inc. v. Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987).

**B. APPLICATION**

Defendants CLCLA and Bedell offer three bases for dismissal of this action: (1) the Court lacks subject matter jurisdiction over this case pursuant to the "domestic relations" exception; (2) the Younger abstention doctrine mandates a stay or dismissal of this action; and (3) Plaintiff has failed to adequately allege a section 1983 claim. (Mem. at 4–7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

### 1. THE "DOMESTIC RELATIONS" EXCEPTION APPLIES ONLY TO THE DIVERSITY JURISDICTION STATUTE

Defendants urge that, in light of the "domestic relations exception" to federal jurisdiction, the Court lacks subject matter jurisdiction over this action. (Mem. at 5 (citing Coats v. Woods, 819 F.2d 236 (9th Cir. 1987) (abstaining from deciding a Section 1983 claim because the action implicated domestic relations issues)).) The domestic relations exception divests federal courts of jursidiction "when the relief sought relates primarily to domestic relations." See, e.g., In re Burrus, 136 U.S. 586 (1890); Barber v. Barber, 62 U.S. (21 How.) 582 (1858). However, the Ninth Circuit made clear in Atwood v. Fort Peck Tribal Court Assiniboine that "the domestic relations exception applies only to the diversity jurisdiction statute." 513 F.3d 943, 947 (9th Cir. 2008). Because Plaintiff brings suit only on the basis of federal question jurisdiction, Defendants' attempt to invoke the domestic relations exception must be rejected. See also Brown v. Astrue, No. 10–cv–04862, 2012 WL 948926, at *3 (N.D. Cal. Mar. 20, 2012) ("As the Ninth Circuit explained in Atwood . . . , the 'domestic relations' exception is inapplicable to federal question cases.").

### 2. YOUNGER REQUIRES THAT THE COURT STAY THIS ACTION

Alternatively, Defendants request that the Court stay or dismiss Plaintiff's lawsuit pursuant to the Younger abstention doctrine because the suit would interfere with pending state judicial proceedings. (Mem. at 7.) As set forth above, Younger abstention requires that a federal court dismiss an action where (1) there are ongoing state . . . proceedings; (2) those proceedings "implicate important state interests"; (3) those proceedings provide the plaintiff with an "adequate opportunity to raise federal claims"; and (4) the federal court's action "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." Id. at 1149. Notably, however, "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004).[1]

#### *a. Ongoing State Proceedings*

---

[1] As discussed in the "Introduction," it is unclear to the Court whether Plaintiff intends to seek injunctive relief or requests only damages in this case. In order to avoid contravening the Ninth Circuit's holding in Gilbertson, the Court elects to treat the FAC as seeking only damages and stays this action pursuant to Younger, instead of dismissing the case outright.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

Defendants urge that "[s]tate proceedings are currently ongoing in two appeals before California's Second District Court of Appeal where Plaintiff appeals the juvenile dependency court's holdings . . . ." (Mem. at 9 (citing Alex K. v. Los Angeles County Dep't of Children and Family Servs., B245087 (Cal. Ct. App. Nov. 14, 2012); Alex K. v. Los Angeles County Dep't of Children and Family Servs., B242711 (Cal. Ct. App. June 23, 2012)).) As an initial matter, it is clear that Younger applies throughout [] appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted." Romero v. California, EDCV 12-00567, 2012 WL 1570080, at *2 (C.D. Cal. May 3, 2012).

Furthermore, Plaintiff does not appear to dispute that this first Younger prong is met, relegating its challenges to Younger's third and fourth prongs. The Court therefore concludes that the first Younger factor is satisfied here.

### b. Important State Interests

Defendants urge—and Plaintiff does not contest—that the "underlying state juvenile dependency proceedings and appeals implicate important state interests concerning domestic relations and the welfare of California's children." (Mem. at 11.) And the Ninth Circuit has held that a state's interest in domestic relations is "important" for purposes of Younger abstention analysis. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) ("Family relations are a traditional area of state concern.") Thus, the second Younger prong is satisfied in this case.

### c. Adequate Opportunity to Raise Federal Claims

Plaintiff has an adequate opportunity to raise his federal claims in the underlying state juvenile dependency proceedings. State courts are presumed to be adequate fora for constitutional claims unless state law clearly bars the presentation of constitutional claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); see also Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir. 1995) ("Judicial review is inadequate only when state procedural law bars presentation of the federal claims.")

Plaintiff's arguments in opposition are unavailing. The thrust of these arguments is that the "need to protect the well-being of children" requires that dependency proceedings "move very quickly in response to alleged changes in circumstances." (Docket No. 39 [Opposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

("Opp.")] at 5.) Because, Plaintiff urges, "[t]he application of the Younger doctrine would effectively require a parent to engage in attacks on the integrity of the social workers, and their collaborators, during the dependency case itself," such a "requirement would [therefore] be inconsistent with the special nature of dependency proceedings and would interfere with the interests served in those proceedings." (Id.)

As an initial matter, Plaintiff's policy-driven argument is largely unresponsive and irrelevant to the question of whether the state court provides an adequate forum in which Plaintiff may raise his section 1983 claim. His argument amounts to an assertion that juvenile dependency courts might function more efficiently if they refused to consider section 1983 arguments or claims. But Plaintiff does not explicitly argue that the dependency court or state appellate courts are inadequate fora for constitutional claims—nor does it appear likely he could make such an argument, in light of countervailing legal authority. Moore v. Sims, 442 U.S. 415 (1979) (applying Younger abstention to a constitutional challenge to a state child abuse law when a child custody dispute was pending); Chapman v. Oklahoma, 472 F.3d 747 (10th Cir. 2006) (noting a father's failure to demonstrate that a state court was not an adequate forum for his constitutional challenges to the state family court system); Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542 (11th Cir. 1990) (holding that federal district courts may not interfere with ongoing child custody proceedings under Younger).

In addition, the Court is at a loss to understand why, as a practical matter, Plaintiff would fail to raise issues related to the credibility of social workers' testimony during the dependency proceedings. As Defendants argue in reply, "the California courts are able to determine the truth of Plaintiff's allegations that Defendant Bedell and state actors deceived the juvenile court. Plaintiff certainly could have and should have made these arguments to the juvenile court." (Docket No. 41 [Reply] at 3.) And, in fact, Plaintiff "has already raised a constitutional due process claim in one of his appeals, establishing that these forums [sic] do provide Plaintiff an opportunity to raise his constitutional arguments." (Reply at 3 (citing Mackenzie K. v. L.A. County Dep't of Children & Family Servs, 2013 Cal. App. Unpub. LEXIS 1976 (Cal. App. 2d Dist. March 19, 2013)).) The Court therefore concludes that the third Younger prong is satisfied.

### d. Enjoining Ongoing State Proceedings

Although Plaintiff appears to seek only damages in this action, Defendants explain that "[a]djudcating Plaintiff's federal lawsuit would interfere with the pending state appellate

LINK: 33

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

proceedings and any issues that arise on any remand" because "[f]or this Court to decide whether Plaintiff has a valid section 1983 claim based on Defendants' alleged conspiracy and joint action to deceive the juvenile dependency court, it must necessarily determine that the court incorrectly rendered custody and visitation determinations." (Mem. at 10 (citing E.T. v. George, 681 F. Supp. 2d 1151, 1170 (E.D. Cal. 2010), *aff'd sub. nom.* E. T. v. Cantil-Sakauye, 657 F.3d 902 (9th Cir. 2011), *opinion amended and superseded on denial of reh'g*, 682 F.3d 1121 (9th Cir. 2012), *aff'd sub. nom.* E.T. v. Cantil-Sakauye, 682 F.3d 1121 (9th Cir. 2012) (explaining that the key to determining whether a federal proceeding "interferes" with a state proceeding is the effect the federal proceeding would have on the state proceeding)).)

Plaintiff's argument that "litigation of the issue here is narrow and focuses on Defendant Bedell's deceptive conduct in the juvenile court to obtain a court order terminating Plaintiff's visitation with his son" is unavailing. (Opp. at 5.) The Court finds compelling Defendants' characterization of Plaintiff's argument: "In essence, Plaintiff's position is that a plaintiff who is unhappy with the result of an ongoing state court proceeding can bring a Section 1983 action in federal court contending that the party's opponents in state court lied to the state court." (Reply at 4.) The Court agrees with Defendants that this "cannot be the law," because "[o]therwise, federal courts could review every ongoing state court case that involves state actors." (Id.) Thus, the fourth Younger factor is satisfied here.

### *e. Extraordinary Circumstances*

Younger left open the possibility that a court could decline to abstain in 'extraordinary circumstances,' where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971). Plaintiff does not contend that any extraordinary circumstances are present here, and the Court is not aware of any. As noted above, however, in actions for damages, Younger requires that the Court merely stay the federal case rather than dismiss it outright. Gilbertson, 381 F.3d at 968. The Court therefore **GRANTS in part** Defendants' Motion to Dismiss and applies the Younger abstention doctrine to **STAY** this case.

LINK: 33

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

## IV.
## CONCLUSION

Accordingly, Defendants' motion is **GRANTED in part** with respect to Defendants' Younger abstention argument and the case is **STAYED** pending the conclusion of the state dependency proceedings.

**IT IS SO ORDERED.**