UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

### ORDER TO SHOW CAUSE

   In this action, Plaintiff Alexander Kasdan ("Plaintiff") alleges that various social workers from the Los Angeles County Department of Children and Family Services ("DCFS"), together with an attorney for the Children's Law Center of Los Angeles ("CLCLA"), Lloyd Bedell ("Bedell"), conspired to lie to the juvenile dependency court about Plaintiff, ultimately depriving him of custody of his children, as well as any visitation rights.  (Docket No. 28 [First Amended Complaint ("FAC")].)  Plaintiff lost these rights after a 12 day hearing in the dependency court, and has appealed the ruling to the California District Court of Appeal.  Alex K. v. Los Angeles Cnty. Dep't of Children and Family Servs., B245087 (Cal. Ct. App. Nov. 14, 2012); Alex K. v. Los Angeles Cnty. Dep't of Children and Family Servs., B242711 (Cal. Ct. App. June 23, 2012).)  The Court has already determined that these proceedings should be stayed pursuant to Younger v. Harris, 401 U.S. 37 (1971).  However, the case appears to contain a more fundamental defect.  Although clothed as an action brought pursuant to 42 U.S.C. § 1983 against the county and individual employees, it appears that Plaintiff seeks appellate review in this Court of the determinations rendered by the state juvenile dependency court.  (Id.)

   This Court has no appellate jurisdiction.  "Under the Rooker-Feldman doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments."  Labrada v. Deutsche Bank Nat'l Trust, No. CV 10-7373, 2010 WL 3911492, at *2 (C.D. Cal. Oct. 4, 2010).  The doctrine is designed to prevent "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2008).

LINK: 33

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | April 30, 2013 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

    Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. Because neither party addressed the doctrine in its briefing on Defendants' Motion to Dismiss,[1] (Docket No. 33), both parties may submit supplemental briefs, not to exceed ten pages, on the applicability of the Rooker-Feldman doctrine to this action by close of business May 10, 2013.

    **Please note: Plaintiff's failure to respond to this OSC will be deemed consent to dismissal of the lawsuit.**

    IT IS SO ORDERED.

---

[1] In ruling on the Motion to Dismiss, the Court granted a stay of this action pursuant to the Younger abstention doctrine. The stay is lifted for the limited purpose of permitting the parties to file supplemental briefs on the applicability of the Rooker-Feldman doctrine to this case. In all other respects, the stay remains in effect.