UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

### ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION & BACKGROUND[1]

Can a Section 1983 action filed in federal court be used as the means to collaterally attack a dispositive state court civil judgment? This question is central to the present lawsuit and has already been answered by this Court with a resounding "No."

Plaintiff Alexander Kasdan ("Kasdan" or "Plaintiff") lost custody of his children following long, bitter child custody proceedings in Los Angeles County Superior Court after police and an employee from the Los Angeles County Department of Children and Family Services ("DCFS") responded to a domestic violence call at the Plaintiff's home. (Docket No. 28 [First Amended Complaint ("FAC")] ¶50.) After the juvenile dependency proceedings, Plaintiff lost custody of his children. In a lengthy complaint, Kasdan now attacks the Superior Court judgments in a purported Section 1983 civil rights action. (See FAC.) He contends that the decisions of the state court, which deprived him of his parental rights, were obtained on the basis of false and misleading information presented and exculpatory evidence suppressed by numerous Los Angeles County employees and their purported accomplices, all of whom are

---

[1] As the Court has previously already spent considerable time setting out the events of this case in a related order on almost identical issues and as both Parties are familiar therewith, it will not rehash the entirety of the history of this case. The Court herein does, however, outline brief, relevant portions of the case's background. For a more complete background of the evolution of this case, see the Court's previous August 22, 2014 Order. (See Docket No. 92 8/22/14 Order at 2-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

named as Defendants in this case.  (Id.)

  Similar claims of fabrication and suppression were raised before the dependency court and a state court of appeal on multiple occasions.  In July 2011, Kasdan apparently told the dependency court "that the DCFS service log was full of false and defamatory statements and detailed the statements he thought were false.  The [dependency] court denied the petition, stating that visitation had been suspended following a full hearing and that [Kasdan's] petition was an attempt to relitigate the issues."  (Docket No. 94-3 [Req. for Jud. Notice ("RJN")] at Ex. E [3/19/2013 Order ("State Court Order")] at 5.)[2]  In a May 2012 petition, Kasdan reiterated this theory, "argu[ing] that . . . DCFS made no reference to [Kasdan's] positive visit with [his child] and instead focused on [his] past mistakes."  (Id. at 9.)  The dependency court rejected Plaintiff's contention, and it was eventually taken up by California's Second District Court of Appeal, which likewise refused to credit Plaintiff's allegations.  (Id. at 9, 11-12.)

  Previously, two of the "accomplices," the Children's Law Center of Los Angeles ("CLCLA") and one of its officials, Lloyd Bedell ("Bedell"), successfully moved for judgment on the pleadings, prevailing on issue preclusion grounds.  (Docket No. 92 [8/22/14 Order] (granting CLCLA and Bedell's Motion for Judgment on the Pleadings) at 12.)  The Court agreed with those Defendants that "[a]ny claim of a conspiracy to lie on the part of the witnesses whose testimony and evidence provided the basis for the child support judgment of the Superior Court was necessarily litigated in the prior dependency proceedings."  (8/22/14 Order at 1-2.)  The order further explained that in the underlying case "Kasdan repeatedly raised claims that Defendants conspired with DCFS, lied or suppressed evidence."  (Id. at 4.)  Accordingly, the Court found that issue preclusion "bar[red] Kasdan from relitigating the veracity of the state court witnesses in this federal civil rights lawsuit."  (Id. at 2.)

  The Court is now in receipt of another Motion for Judgment on the Pleadings, this time brought by Defendants "back end" social workers[3] and Rosita Brennan ("Brennan"),

---

  [2]  The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the documents requested by Defendants (Docket No. 94-3 [Req. for Jud. Notice ("RJN")]) and by Plaintiff (Docket No. 105-1 [Plaintiff's Req. for Jud Notice) and Docket No. 106 [Sealed Exhibits]) because all are matters of public record.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'").

  [3] For purposes of this motion, "Defendants 'back end' social workers" are: dependency investigators Priscilla Ashburn, Thelma Gadson, Jamie Hein, Catherine Woillard, continuing services workers CSW Timmie Saltzman, and her supervisor SCSW, Eleazor Degbor, intensive services workers CSW Julie Glazner and her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

(collectively, "Defendants"). (Docket No. 93 [Mem. Judgment on the Pleadings ("Mem.")][4] at 17.) Defendant "back end" social workers assert that this Court's 8/22/14 Order and issue preclusion require granting their motion and "dismissing Plaintiff's claims, for 'Fourteenth Amendment – Familial Association' . . . contained within the First Cause of Action for 'Violation of Civil Rights' and contained within the Second Cause of Action for 'Monell Related Claims'; and, 'Deception of the Juvenile Court' as encompassed within the first and second causes of action for Civil Rights violations." (See Docket No. 109 [Reply] at 18.) Additionally, Defendants argue such application requires dismissal of the "individually named [Defendant "back end" social workers]." (Id.) Finally, Defendants assert that because Plaintiff has not alleged Brennan engaged in any misconduct in the FAC, the judgment on the pleadings should be granted, dismissing all causes of action against her. (Mem. at 11, 32-33; Reply at 18, n.1.)

For the reasons set forth in detail below and consistent with our former 8/22/14 Order, the Court **GRANTS** Defendants "back end" social workers and Rosita Brennan's Motion for Judgment on the Pleadings.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the sufficiency of the complaint after an answer has been filed. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1193 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.").

---

supervisor SCSW Belinda Marquez and CSW Ebony Crow. (See Mem. at 11, n. 2.)

[4] Defendant "back end" social workers bring this motion regarding all claims except those based on "'warrantless removal' of Kasdan from his children." (Mem. at 17.) Plaintiff notes the limited scope of the instant motion. (See Docket No. 105 [Opp.] at 1, n.2 (noting motion does not extend to "unwarranted seizure claims") For efficiency's sake, the Court will refer to "all claims" throughout, but, just as the Parties both agree and understand, those claims and this order does not encompass Plaintiff's warrantless seizure/removal claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

Thus, in ruling on a 12(c) motion, the Court must accept the facts as pled by the nonmovant. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010); Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Dismissal under Rule 12(b)(6)—and therefore, under Rule 12(c)—may be based on either: (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)). Although the Court must accept all material allegations in the complaint as true, it need not accept as true conclusory allegations or legal characterizations. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

**B. APPLICATION**

    **1. CAUSES OF ACTION AGAINST "BACK END" SOCIAL WORKER DEFENDANTS**

Defendant "back end" social workers assert Plaintiff's charges against them are "identical to those raised against" CLCA and Bedell. (Mem. at 17.) Therefore, the "back end" social workers assert that application of the Court's 8/22/14 Order via the "law of the case" doctrine mandates they, too, be granted judgment on the pleadings. (Id. at 18.) The Court agrees.

Under the "law of the case" doctrine, a court is "generally precluded from reconsidering an issue that has already been decided by the same court." U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (citing Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)); U.S. v. Lummi Nation, 763 F.3d 1180, 1185 (9th Cir. 2014) (same) (quoting Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)). A court has discretion to depart from "the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." Alexander, 106 F.3d at 876 (9th Cir. 1997).

In the Ninth Circuit, the "principle applies to interlocutory decisions of the same or higher tribunals." Ridgway v. Mont. High Sch. Ass'n, 858 F.2d 579, 587 (9th Cir. 1988); see also Magnesystems, Inc. v. Nikken, 933 F. Supp. 944, 949 (C.D. Cal. 1996); U.S. v. Real Property Located at Incline Village, 976 F. Supp. 1327, 1354 (D. Nev. 1997). Thus, issues that a district court "determines during pretrial motions become the law of the case." U.S. v. Smith, 389 F.3d 944, 949 (9th Cir. 2004). The doctrine is intended to aid "the efficient operation of court affairs" and "maintain consistency during the course of a single lawsuit." Smith, 389 F.3d at 948 (citing Lummi Indian Tribe, 235 F.3d at 452, and U.S. v. Houser, 804 F.2d 565, 567 (9th Cir. 1986)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

    Plaintiff argues that the "law of the case" doctrine should not apply because the juvenile dependency proceedings were not identical to Plaintiff's § 1983 claims and the juvenile dependency court did not resolve "the question of whether or not they suppressed material exculpatory evidence." (Opp. at 5-6.) However, Plaintiff misunderstands Defendants' argument. Defendants argue that this Court's previous 8/22/14 Order satisfactorily determined that Plaintiff's claims are barred by issue preclusion and that under the "law of the case" doctrine, application of this Court's order, not that of the juvenile dependency court, is dispositive. (Mem. at 18.) Therefore, they assert that application of the 8/22/14 Order disposes of the claims against the Defendants currently before the Court. (Mem. at 18.) The Court agrees. The claims asserted against Defendants are identical to those previously addressed. The Court's interpretation of the underlying juvenile dependency proceeding and the issues it resolved is unchanged.

    Accordingly, pursuant to this Court's previous order and interpretation, the Court finds Plaintiff's claims against "back end" social workers are barred by issue preclusion under the "law of the case" doctrine. However, in an abundance of caution, the Court explains below how, even absent such prior order, Plaintiff's claims against the "back end" social worker Defendants would nonetheless be barred by issue preclusion.

### *b. Issue Preclusion*

    Federal courts must give "preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980); see 28 U.S.C. § 1738. And under California law, issue preclusion bars relitigation of an issue decided in a previous proceeding when six elements are established: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"; (2) the issue to be precluded "must have been actually litigated in the former proceeding"; (3) the issue to be precluded "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding"; and (6) application of issue preclusion must be consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." White v. City of Pasadena, 671 F.3d 918, 927 (9th Cir. 2012) (quoting Lucido v. Superior Court, 51 Cal. 3d 335, 341–44 (1990)). The doctrine "is grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed.'" Murray v. Alaska Airlines, Inc., 50 Cal. 4th 860, 861 (2010) (quoting Parklane Hosiery Co. v. Shore, 439

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

U.S. 322, 336 n.23 (1979)).

These principles apply where a dissatisfied litigant claims that she lost her case because her opponent lied, falsified documents or destroyed evidence so long as the issue was addressed in the prior proceeding. Cedars-Sinai Medical v. Superior Court, 18 Cal. 4th 1, 10 (1998). The Cedars-Sinai court, citing to well established case law, reiterated that, once a judgment becomes final, it "may not be directly attacked and set aside on the ground that evidence has been suppressed, concealed, or falsified . . . ." Id. The rule, according to the Supreme Court, "serves the important interest of finality in adjudication . . . ." Id.

### *a. An Issue Identical to One Presented in the Former Proceeding*

As previously explained, "[t]he 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." Hernandez v. City of Pomona, 46 Cal. 4th 501, 511-12 (2009). Again, just as before, the prior juvenile dependency action dealt with claims that Defendants fabricated and suppressed evidence. Plaintiff's reliance on Wige v. City of L.A., 713 F.3d 1183 (9th Cir. 2013) is now, as it ever was before, unavailing. As previously explained, during the juvenile dependency court's determination regarding the children's well-being, it was necessary to assess credibility and resolve disputes over who was telling the truth. Additionally, as this Court's previous order identified, these issues of "false and defamatory statements" were presented to that court. (State Court Order at 5.) The Court declines to address Plaintiff's arguments predicated on either Fogarty-Hardwick v. Cnty of Orange, 2010 WL 2354383 (Cal. App. 4th Dist. June 14, 2010) or Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101 (9t Cir. 2009), as they are identical to those the Court addressed in its previous order. (See 8/22/14 Order at 6-9.) This Court is therefore again compelled to find that there is an identicality of issues between the pertinent actions.

### *b. An Issue Actually Litigated in the Former Proceeding*

The second element asks whether the issue presented was "actually litigated" in the former proceeding. Lucido, 51 Cal. 3d at 341. As described above, Plaintiff expressly raised the issue of deliberate fabrication and suppression on multiple occasions, both with the dependency court and with the court of appeal. (See, e.g., State Court Order at 5; see also, Mackenzie K. v. Alexander K., 2013 WL 4507904, at *3 ("[Kasdan] also contends that . . . DCFS failed to attach visitation records . . . . However, . . . [he] presents no basis for disregarding DCFS's assertions that such visits occurred.").) There can be little doubt but that the issue was "actually litigated."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

### c. *An Issue Necessarily Decided in the Former Proceeding*

Kasdan told both the dependency court and the court of appeal that Defendants had fabricated evidence and omitted information helpful to his cause. They explicitly rejected this theory, finding that Plaintiff had abused his children and that Defendants had not omitted any vital information. (State Court Order at 3; Mackenzie K., 2013 WL 4507904, at *3; FAC ¶ 87 (finding lower court did not abuse its discretion in terminating jurisdiction before progress reports obtained).)

### d. *The Decision in the Former Proceeding Is Final and On the Merits*

"[T]he determination of an issue by final judgment in a juvenile dependency proceeding is conclusive upon the parties or their privies in a subsequent suit." Kemper, 2013 WL 1716376 at *6 (citing In re Joshua J., 39 Cal. App. 4th 984, 993 (1995)). Plaintiff essentially reiterates his argument against CLCA and Bedell, arguing that a dependency court judgment cannot be considered final for purposes of [issue preclusion] because they are "by their nature, fluid." (Opp. at 6.) This argument fails for the same reasons as explained in the prior order. When a dependency court no longer has "authority to continue to modify its orders," its judgments necessarily become "final." Kemper, 2013 WL 1716376, at *6. Here, the dependency court expressly "terminated jurisdiction over [Plaintiff's] children." (See RJN at Ex. A [10/16/12 California Juvenile Dependency Court Order]; Id. at Ex. B [2/11/13 California Juvenile Dependency Court Order].) Without jurisdiction, it can no longer modify its orders, and its consideration of Plaintiffs claims must be deemed final. That new proceedings can be instituted and changes made does not alter the finality of the existing judgment.

### e. *The Party Against Whom Preclusion Is Sought Is the Same Party as in the Former Proceeding*

As explained in the Court's previous order, "[a]lthough the focus of a dependency proceeding is on the child, a parent served with a notice of the proceeding has the status of a party in the juvenile dependency proceeding." Kemper, 2013 Cal. App. Unpub. LEXIS 2818, at *20 (citing In re I.A., 201 Cal. App. 4th 1484, 1491 (2011)). "[T]he court exercises personal jurisdiction over the parents once proper notice has been given," and has the authority to enter binding orders adjudicating the parents' rights to, and relationship with, the child. In re I.A., 201 Cal. App. 4th at 1491. Plaintiff's status as a party to the dependency proceedings permitted him to assert and protect his own constitutional interests in that action. See In re Josiah S., 102 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

App. 4th 403, 412 (2002). Accordingly, this element has been established.

### f. Public Policy Concerns

The final element of an issue preclusion inquiry requires that the Court evaluate any public policy implications inherent in precluding the litigation. Specifically, this examination should look to the "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." White, 671 F.3d at 927. Just as the previous order explained, none of these values would be served by permitting Plaintiff's lawsuit to go forward: (1) there are substantial protections afforded parents in child custody proceedings and both federalism and comity counsel against federal court's relitigating issues of credibility decided in a state forum; (2) allowing such collateral attacks would be contrary to judicial economy; and (3) allowing such attacks would potentially create infinite litigation, thereby undermining one of the main purposes of a judgment. As stated before, the doctrine of issue preclusion exists precisely to prevent such conduct.

### g. Other Considerations

Each of the six factors suggests issue preclusion apply here. Plaintiff offers one novel theory for not applying such preclusion: his claim that the "family law court dissolved the . . . restraining order against Plaintiff and further ordered that [Kasdan's] joint legal custody of the children be reinstated." (Opp. at 2.; see also, Docket No. 106 [Sealed Exhibits] at Ex. B [2/14/13 Custody Order].) However, the Custody Order and Visitation Order seems to reinstate only Kasdan's visitation rights and only as to his son. (See 2/14/13 Custody Order at 2; id. at 4 [Visitation Order]; id. at 5 [Reasons for No or Supervised Visitation].) In any case, such consideration would do nothing to dissuade the Court from applying preclusion here. The time period for which Plaintiff is seeking relief is finite and defined. (See Reply at 13 (noting that "[e]ven if the juvenile court orders are subject to prospective modification, any such modification would not affect or alter the time when [Plaintiff] was allegedly deprived of his children.").) Thus, that the custody arrangement has shifted should not and does not affect the application of preclusion here. Therefore, the Court does not see any reason to forego applying issue preclusion here.

Accordingly, the Court finds that under the law of the case or collateral estoppel, Defendants "back end" social workers' are entitled to judgment on the pleadings and therefore **GRANTS** their Motion for Judgment on the Pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

### 2. CAUSES OF ACTION AGAINST ROSITA BRENNAN

Defendant Brennan argues that Plaintiff has failed to allege any misconduct on her part and that thus, she is entitled to a judgment on the pleadings. (Mem. at 11, 32-33; Reply at 18, n.1.) Plaintiff made no argument to the contrary. (See Opp.; see also, Reply at 18, n.1 (noting Plaintiff's failure to address the absence of any such allegations in Plaintiff's opposition).)

"To sustain a section 1983 claim for individual liability, a plaintiff must establish the 'personal involvement' of each defendant, including supervisors, in a constitutional deprivation or a 'causal connection' between each defendant's wrongful conduct and the deprivation." Konstantelos v. Ploehn, 2011 WL 651435, at *8 (C.D. Cal. Feb. 11, 2011) (quoting, in part, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) and also relying on Ashcroft v. Iqbal, (2009) 556 U.S. 662, 675-76 (supervisory personnel not individually liable under Section 1983 on theory of respondeat superior); and Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (must show personal participation in alleged rights deprivations; no respondeat superior liability) citing, inter alia, Monell, supra. 436 U.S. at 690)). "[P]urpose rather than knowledge" is required to impose liability on a supervisor for discharging responsibilities in a way that may have resulted in constitutional deprivations." Id. (quoting, in part Iqbal, 556 U.S. at 677 (rejecting claim that supervisor's mere knowledge of subordinate's discriminatory purpose amounts to constitutional violation by supervisor)).

Upon review, the Court agrees that Plaintiff has failed to assert Brennan engaged in any wrongful conduct. (See FAC (listing Brennan as a Party, but not alleging she committed any wrongful actions).) To the extent that Brennan is named in Plaintiff's causes of action as part of "All Defendants," the absence of alleged wrongdoing demonstrates that Brennan is entitled to judgment as a matter of law as to those causes of action. Accordingly, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings with respect to Defendant Rosita Brennan.[5]

### III.
### CONCLUSION

Because law of the case so requires, Defendants have met every element of the issue preclusion inquiry, and Plaintiff has failed to allege any misconduct by Rosita Brennan,

---

[5] The Court notes that had this motion been brought as a Motion to Dismiss with regard to claims against Rosita Brennan, the Court's decision would remain unchanged, given that the standards are identical.

**LINK: 93**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06793 GAF (JEMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | Alexander Kasdan v. County of Los Angeles et al. | | |

Defendants' Motion for Judgment on the Pleadings must be **GRANTED** in its entirety. The hearing set for Monday, December 1, 2014 is **VACATED.**

    **IT IS SO ORDERED**.